# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| David R. Majewski, | Civil No. 09-3063 (DWF/AJB) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Highland Bank, *et al.*, | |
| Defendants. | |

David R. Majewski, *Pro Se*, Plaintiff.

This matter is before the Court on Plaintiff's motion for a temporary restraining order (Doc. No. 3). For the reasons stated below, this Court denies the application, but without prejudice to a motion for preliminary injunctive relief properly filed and served on Defendants.

Proceeding *pro se*, Plaintiff David R. Majewski filed this action on November 2, 2009, to "quiet title" to his residence, alleging that Defendants were–in violation of various state and federal laws–in the process of pursuing foreclosure on that property. On November 5, 2009, Majewski filed an application for a temporary restraining order (TRO) (Doc. No. 3) as well as a motion for a preliminary injunction (Doc. No. 2), seeking to prevent Defendant Highland Bank from proceeding with the foreclosure.

A federal court may issue a temporary restraining order on an *ex parte* basis "only if" two requirements are met:

(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss or damage will result to the movant before the adverse party can be heard in opposition; and

(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). Here, Majewski has not met this demanding standard. *See, e.g.*, *Saygnarath v. BNC Mortgage, Inc.*, 2007 WL 1141495 (D. Minn. April 17, 2007) (discussing standard and denying *ex parte* relief). Although Majewski filed, on November 10, 2009, proof of service of the Summons and Complaint, he has not certified in writing any attempts to notify Defendants of his request for a TRO. Moreover, he has not provided "specific facts in an affidavit or a verified complaint" that "clearly show" his right to *ex parte* relief before Defendants can be heard.

Accordingly, the Court denies his application for a TRO, but without prejudice to any appropriate preliminary injunctive relief. Although Majewski filed a motion for a preliminary injunction concurrent with his application for a TRO, the Court may not issue a preliminary injunction absent "notice to an adverse party." Fed. R. Civ. P. 65(a)(1).

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's application for a temporary restraining order (Doc. No. 3) is **DENIED** (without prejudice to a properly-supported motion for a preliminary injunction).

Dated: November 12, 2009        s/Donovan W. Frank
                                DONOVAN W. FRANK
                                United States District Judge