# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

David R. Majewski,                                Civil No. 09-3063 (DWF/AJB)

                Plaintiff,

v.                                                                    **ORDER**

Highland Bank and Granite,
a Minnesota Banking Corporation;
and Mortgage & Construction Finance,

                Defendants.

_____

David R. Majewski, *Pro Se*.

David C. Anastasi, Esq., and T. Chris Stewart, Esq., Anastasi & Associates, P.A., counsel for the Anastasi Defendants.

Timothy J. O'Connor, Esq., and Teresa E. Knoedler, Esq., Lind, Jensen, Sullivan & Peterson, P.A., counsel for the Coldwell Banker Defendants.

Garth G. Gavenda, Esq., and T. Chris Stewart, Esq., Anastasi & Associates, P.A., counsel for Highland Defendants.
_____

       This Order addresses two issues that remain following the Court's February 12, 2010 Order.

## I.    Attorney Fees

       First, the Court ordered the three groups of defendants to submit affidavits to support their request for attorney fees no later than February 19, 2010. (Doc. No. 32.) The Anastasi Defendants and Coldwell Banker Defendants submitted timely affidavits.

(Doc. Nos. 34-35.)  The Highland Defendants submitted an untimely affidavit on February 22, 2010.  (Doc. No. 37.)  The Highland Defendants did not seek leave to file an untimely affidavit, and they have not provided the Court with an explanation as to why their affidavit was late.

>Local Rule 7.1(e) provides:
>
>Failure to Comply.  In the event a party fails to timely deliver and serve a memorandum of law, the Court may strike the hearing from its motion calendar, continue the hearing, refuse to permit oral argument by the party not filing the required statement, consider the matter submitted without oral argument, allow reasonable attorney's fees, or proceed in such other manner as the Court deems appropriate.

D. Minn. L.R. 7.1(e).  In response to the three motions to dismiss, Majewski failed to deliver and serve an opposing memorandum of law, and he made no other contact with the Court prior to the motion hearing.  Therefore, in their reply memoranda, each of the three groups of defendants asked that the Court award them reasonable attorney fees.[1]

The Court has reviewed the defendants' submissions.  The Court concludes that it is not reasonable to award attorney fees for work performed in connection with filing the motions to dismiss because that work would have been performed regardless of whether Majewski submitted an opposing memorandum or not.  The Court does find, however, that it is appropriate to award the Anastasi Defendants and Coldwell Banker Defendants reasonable attorney fees for their preparation for and appearance at the motion hearing.

---

[1] The Court notes that both the Anastassi Defendants and the Highland Defendants submitted untimely replies.  *See* D. Minn. L.R. 7.1(b)(3) (explaining that any reply must be submitted at least fourteen days before the motion hearing).

2

For this reason, the Court awards the Anastasi Defendants $1,168.75 and the Coldwell Banker Defendants $975. The Court denies the Highland Defendants' request for reasonable attorney fees because they failed to comply with the Court's February 12, 2010 Order.

## II. Highland Bank's Motion to Dismiss

Second, the February 12, 2010 Order required Majewski's newly retained lawyers to immediately file notices of appearance and to contact Brenda Schaffer, Calendar Clerk to the undersigned, no later than February 16, 2010. No lawyer on behalf of Majewski contacted the Court prior to February 16, 2010. Alan L. Geraci, Esq., eventually did contact Ms. Schaffer on February 18, 2010, but despite being instructed to do so, Mr. Geraci has yet to file a notice of appearance in this case. The February 12, 2010 Order stated that the Court would rule on Highland Bank's Motion to Dismiss within 30 days if Majewski failed to secure counsel or if his new counsel failed to comply with the February 12, 2010 Order. Given this, the Court now turns to Highland Bank's Motion to Dismiss.

### A. Process

Highland Bank first moves to dismiss the claims against it for insufficiency of process or for insufficient service of process under Federal Rule of Civil Procedure 12(b)(4) and (5). The record shows that Majewski served a copy of the Complaint on Alona Rindal, Esq., an associate attorney at Anastasi & Associates, P.A. Anastasi & Associates, P.A. represents Highland Bank in this matter. Highland Bank, however, asserts that Ms. Rindal does not have authority to accept service on its behalf.

3

Rule 12(b)(4), "insufficiency of process," concerns the form of process, such as a summons not properly containing the names of the parties, whereas Rule 12(b)(5), "insufficiency of service of process," concerns the mode of delivery of the summons and complaint. *Willis v. Tarasen*, Civ. No. 04-4110 (JMR/FLN), 2005 WL 1705839 at *1 (D. Minn. July 11, 2005). A plaintiff has the burden of establishing the validity of service of process. *Northrup King Co. v. Compania Productora Semillas Algodoneras Selectas, S.A.,* 51 F.3d 1383, 1387 (8th Cir. 1995). Normally, a plaintiff meets this burden by filing proof of service as required by Federal Rule of Civil Procedure 4(l) and submitting affidavits establishing service. *Id*. A court may dismiss an action without prejudice[2] if service is not made "within 120 days after the filing of the complaint." Fed. R. Civ. P. 4(m).

Majewski commenced this action on November 2, 2009. Highland Bank moved to dismiss under Rule 12(b)(4) and Rule 12(b)(5) on January 5, 2010, before the 120-day period had expired. Because Majewski may still effectuate service before the 120-day period expires, Highland Bank's motion on this ground is premature and must be denied. The Court assumes that Majewski will properly serve Highland Bank. If he fails to do so, the Court will dismiss this action without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

---

[2] When a court grants a dismissal without prejudice, a plaintiff is not subsequently barred from suing the same defendant on the same cause of action. Such a dismissal operates to terminate the case, but it is not an ultimate disposition of the controversy on the merits.

4

### B. Failure to State a Claim

Highland Bank also moves to dismiss a portion of Count 1 and Count 5 for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged, *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id*. at 555. As the United States Supreme Court recently reiterated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly*. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556.

### A. HOEPA

In Count 1, Majewski asserts a claim against Highland Bank under the Truth In Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*, and the Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. § 1631, *et seq.* HOEPA is an amendment to TILA that adds new disclosure requirements and new consumer protection restrictions on specific home mortgage loans in an effort to curb "reverse lending." *See Cooper v. First Gov't Mortgage and Investors Corp.*, 238 F. Supp. 2d 50, 54-56 (D.D.C. 2002) (discussing HOEPA in detail). Notably, HOEPA does not apply to residential mortgage transactions. *Id.* at 55. Assuming all facts in the Complaint to be true and construing all reasonable inferences from those facts in the light most favorable to Majewski, the Court concludes that the Complaint contains allegations that the loan at issue involved a residential mortgage transaction only. For this reason, the HOEPA claim fails, and the Court grants Highland Bank's motion with respect to Count 1, to the extent that it is based on HOEPA.

### B. RICO

In Count 5, Majewski asserts a claim against Highland Bank under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq.* To establish a claim under RICO, a plaintiff, among other things, must demonstrate "a pattern of racketeering activity," which is generally defined as at least two acts of racketeering activity. *See United HealthCare Corp. v. American Trade Ins. Co., Ltd.*, 88 F.3d 563, 571 (8th Cir. 1996). A pattern of racketeering activity is present only when predicate acts are linked by continuity plus relationship and amount to or pose a threat of

continued criminal activity. *See Handeen v. Lemaire*, 112 F.3d 1339, 1353 (1997). Assuming all facts in the Complaint to be true and construing all reasonable inferences from those facts in the light most favorable to Majewski, the Court concludes that the Complaint contains only conclusory statements, without supporting detail, that Highland Bank violated RICO. Given this, Count 5 fails to state a claim, and the Court grants Highland Bank's motion with respect to Count 5.

Therefore, based on the files, records, and proceedings herein, and for the reasons set forth above, **IT IS HEREBY ORDERED** that:

1. No later than 60 days from the date of this Order, Majewski shall pay the Anastasi Defendants $1,168.75 and the Coldwell Banker Defendants $975.

2. The Highland Defendants Motion to Dismiss (Doc. No. [22]) is **GRANTED IN PART**. Count 1 (to the extent that it is based on HOEPA) and Count 5 against Highland Bank are hereby **DISMISSED WITH PREJUDICE**. Therefore, the remaining claims in this action are Counts 1 (to the extent that it is based on TILA), 2, 3, and 4 against Highland Bank and Counts 1-5 against Granite Mortgage & Construction Finance.

3. Majewski is instructed to properly serve Highland Bank and Granite Mortgage & Construction Finance within the time period proscribed in Federal Rule of Civil Procedure 4(m). Majewski is further instructed to file affidavits of service with the Court as required by Federal Rule of Civil Procedure 4(l). The Court hereby gives notice to Majewski that, pursuant to Rule 4(m), it will dismiss without prejudice the remaining

claims in this action if he fails to timely serve the remaining defendants and to file affidavits of service.

Dated: February 24, 2010         s/Donovan W. Frank
                                 DONOVAN W. FRANK
                                 United States District Judge